Kevin R. DRUM, Plaintiff,

v.

James H. FOUNTAIN, et al., Defendants.

No. 88–3425–S.

United States District Court,
D. Kansas.

March 6, 1992.

Kevin R. Drum, pro se.

Joseph P. O'Sullivan, III, Rauh, Thorne, Childs, O'Sullivan, McCarville & Brown, Hutchinson, Kan., for defendants.

## ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' motion to dismiss. Plaintiff proceeds pro se and in forma pauperis on a complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff complains of the search of his home on October 21, 1987, by defendants. He claims the search was illegal, that force was used to enter the residence, that property was destroyed in the search, and that valuables were taken. Plaintiff alleges this action violated his rights under the fourth and fourteenth amendments. He seeks a public apology from defendants, compensatory damages for the items taken and damage to property, damages for the humiliation and defamation plaintiff suffered, and criminal prosecution of defendants for criminal damage to property.

 Plaintiff names as defendants the Sheriff of Reno County and the City Attorney for the City of Hutchinson.[1] Plaintiff filed a motion for leave to file an amended complaint. The proposed amended complaint adds Reno County Attorney Chambers and other unnamed individuals as defendants. In the amended complaint, plaintiff also alleges various additional constitutional violations, including the alleged illegal interrogation of the informant.

---

1. The court finds plaintiff's allegations, even if true, do not demonstrate any personal participation on the part of the City Attorney for the City of Hutchinson. *Kite v. Kelley*, 546 F.2d 334, 337–38 (10th Cir.1976). The complaint, therefore, lacks an arguable legal basis for imposing liability on this defendant and the court will dismiss this defendant from the present action. *See Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Although the Reno County Sheriff's Department is included as a defendant in the caption of some pleadings, the court finds nothing in the record to indicate the sheriff's department was either named or should have been named as a defendant in this action.

■ Plaintiff's complaint is based on his claims that the search warrant was supported by illegally obtained evidence, and thus did not constitute probable cause, and that the search was illegally executed. The court rejects these claims. The record reflects that a state district court judge signed a search warrant for the search of plaintiff's home. The application for the warrant was supported by an affidavit signed by a Reno County detective and the affidavit which set forth detailed information from reliable confidential informants regarding the sale of amphetamines from plaintiff's home. The search of the home resulted in the confiscation of itemized evidence related to drug activities. Defendants generally deny plaintiff's claims regarding the manner in which the search was executed.

■ The court finds that plaintiff's allegations do not defeat the legality of the warrant issued in this case. Defendants' reliance on the warrant in searching plaintiff's residence clearly would be objectively reasonable under the facts. The court further rejects plaintiff's claim that the search violated his constitutional rights because force was used to enter the residence.

Defendants' motion to dismiss is solely based on their claim that plaintiff has failed to state a claim upon which relief can be based. The court agrees. Plaintiff's allegations provide no factual or legal basis for finding any error of constitutional dimension. Even if plaintiff's proposed amended complaint is considered, the court reaches the same conclusion. Accordingly,

IT IS ORDERED that defendant Britton is dismissed from this action, that plaintiff's motion to amend his complaint is denied, that defendants' motion to dismiss is granted, and that all relief requested by plaintiff is denied.